JH
KC FILED
AUG 29 2007
AUG. 29, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARLENE FEIGN, Plaintiff,

vs.

ELMHURST MEMORIAL HOSPITAL, an Illinois corporation, ELMHURST MEMORIAL HEALTHCARE, an Illinois corporation, JAMES J. GLOWER, M.D., and ROBERT J. MARSELLE, M.D., Defendants.

07CV4876
JUDGE ST EVE
MAGISTRATE JUDGE VALDEZ

**COMPLAINT AT LAW**

Plaintiff, MARLENE FEIGN files her original complaint at law.

**Count I**
**(Medical Malpractice – Elmhurst Memorial Hospital)**

**A. Parties**

1. Plaintiff, MARLENE FEIGN, is an individual that is a citizen of the State of Indiana and resides in Harrison County.

2. Defendant, ELMHURST MEMORIAL HOSPITAL, is a corporation that is incorporated under the laws of Illinois. Defendant has its principal place of business in the State of Illinois. Defendant may be served with process by serving its registered agent Mary Bartz Dano, 200 Berteau Avenue, Elmhurst, Illinois 60126.

3. Defendant, ELMHURST MEMORIAL HEALTHCARE, is a corporation that is incorporated under the laws of Illinois. Defendant has its principal place of business in the State of Illinois. Defendant may be served with process by serving its registered agent Mary Bartz Dano, 200 Berteau Avenue, Elmhurst, Illinois 60126.

4. Defendant, JAMES J. GLOWER, M.D. ("DR. GLOWER") (Illinois License No. 36078290), is sued individually and as an agent and/or employee of ELMHURST MEMORIAL HOSPITAL and/or ELMHURST MEMORIAL HEALTHCARE. DR. GLOWER may be served with process by serving him personally at Elmhurst Memorial Hospital, 200 Berteau Avenue, Elmhurst, Illinois 60126.

5. Defendant, ROBERT J. MARSELLE, M.D. ("DR. MARSELLE") (Illinois License No. 36082496), is sued individually and as an agent and/or employee of ELMHURST MEMORIAL HOSPITAL and/or ELMHURST MEMORIAL HEALTHCARE. DR. MARSELLE may be served with process by serving him personally at Elmhurst Memorial Hospital, 200 Berteau Avenue, Elmhurst, Illinois 60126.

**B. Jurisdiction**

6. The court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

**C. Venue**

7. Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

**D. Facts**

8. This lawsuit results from a failure to diagnose endothalmitis, failure to properly treat the condition of an eye, and the resulting removal or enucleation of her right eye, sustained in the course of medical treatment that MARLENE FEIGN received on or about August 30, 2005 at Elmhurst Memorial Hospital at 200 Berteau Avenue, Elmhurst, Illinois 60126.

9. On and before August 30, 2005, DR. GLOWER acted as the actual agent of the defendant, ELMHURST MEMORIAL HOSPITAL.

10. On and before August 30, 2005, DR. GLOWER acted as the apparent agent of the defendant, ELMHURST MEMORIAL HOSPITAL.

11. On and before August 30, 2005, DR. GLOWER acted as the actual agent of the defendant, ELMHURST MEMORIAL HEALTHCARE.

12. On and before August 30, 2005, DR. GLOWER acted as the apparent agent of the defendant, ELMHURST MEMORIAL HEALTHCARE.

13. On and before August 30, 2005, DR. GLOWER was a physician licensed to practice medicine within the State of Illinois who held himself out to members of the public, including the plaintiff, MARLENE FEIGN, as having specialized training and experience in the medical specialty of emergency medicine.

14. On and before August 30, 2005, and at all times material, DR. GLOWER was acting within the course and scope of his agency and/or employment at Elmhurst Memorial Hospital.

15. On and before August 30, 2005, DR. MARSELLE acted as the actual agent of the defendant, ELMHURST MEMORIAL HOSPITAL.

16. On and before August 30, 2005, DR. MARSELLE acted as the apparent agent of the defendant, ELMHURST MEMORIAL HOSPITAL.

17. On and before August 30, 2005, DR. MARSELLE acted as the actual agent of the defendant, ELMHURST MEMORIAL HEALTHCARE.

18. On and before August 30, 2005, DR. MARSELLE acted as the apparent agent of the defendant, ELMHURST MEMORIAL HEALTHCARE.

19. On and before August 30, 2005, DR. MARSELLE was a physician licensed to practice medicine within the State of Illinois who held himself out to members of the public, including the plaintiff, MARLENE FEIGN, as having specialized training and experience in the medical specialty of ophthalmology.

20. On and before August 30, 2005, and at all times material, DR. MARSELLE was acting within the course and scope of his agency and/or employment at Elmhurst Memorial Hospital.

21. On and before August 30, 2005, the defendant, ELMHURST MEMORIAL HOSPITAL, employed various nursing personnel that acted as their actual agent and employee relative to the care rendered to MARLENE FEIGN.

22. On and before August 30, 2005, the defendant, ELMHURST MEMORIAL HOSPITAL, employed various nursing personnel that acted as their apparent agent and employee relative to the care rendered to MARLENE FEIGN.

23. On and before August 30, 2005, the defendant, ELMHURST MEMORIAL HEALTHCARE, employed various nursing personnel that acted as their actual agent and employee relative to the care rendered to MARLENE FEIGN.

24. On and before August 30, 2005, the defendant, ELMHURST MEMORIAL HEALTHCARE, employed various nursing personnel that acted as their apparent agent and employee relative to the care rendered to MARLENE FEIGN.

25. On and before August 30, 2005, and at all times material, various nursing personnel were acting within the course and scope of their agency and/or employment at Elmhurst Memorial Hospital.

26. On and before August 30, 2005, and at all times material, MARLENE FEIGN was a patient at Elmhurst Memorial Hospital.

27. On and before August 30, 2005, and at all times material, MARLENE FEIGN was evaluated by DR. GLOWER in the Emergency Department at Elmhurst Memorial Hospital.

28. On and before August 30, 2005, and at all times material, MARLENE FEIGN was found exhibiting signs and symptoms consistent with endothalmitis including, but not limited to, increased intraocular pressure and sluggishly reactive pupil.

29. On August 30, 2005, DR. GLOWER contacted, via telephone, the on-call ophthalmologist, DR. MARSELLE.

30. On August 30, 2005, DR. GLOWER either before or after consulting DR. MARSELLE diagnosed MARLENE FEIGN with a corneal abrasion.

31. On August 30, 2005, DR. MARSALLE, after his consultation with DR. GLOWER, scheduled a first ophthalmologic in-person appointment with MARLENE for the following morning, August 31, 2005.

32. On and before August 30, 2005, the agents and/or employees at Elmhurst Memorial Hospital who were involved in the care and treatment of patients in the Emergency Department of Elmhurst Memorial Hospital, including DRS. GLOWER and MARSELLE and the health care staff, had a duty to exercise that degree of care, skill, and caution in administering medical care and treatment to MARLENE that a reasonably trained health care professional in the same or similar community at that time would exercise in the same or similar case under like circumstances.

33. That in deviation of its aforementioned duty to MARLENE FEIGN, defendant ELMHURST MEMORIAL HOSPITAL through the acts of its agents, servants, and/or employees was guilty of one or more of the following careless and negligent acts or omissions:

(a) carelessly and negligently failed to fully and completely inform the on-call ophthalmologist, ROBERT J. MARSELLE, M.D., or any other ophthalmologist, of MARLENE FEIGN's conditions and/or symptoms including, but not limited to increased intraocular pressure and sluggishly reactive pupil; and/or

(b) carelessly and negligently to appreciate the significance of MARLENE FEIGN's conditions and/or symptoms including, but not limited to increased intraocular pressure and sluggishly reactive pupil; and/or;

(c) carelessly and negligently failed to obtain a timely in-person examination from an ophthalmologist for MARLENE FEIGN; and/or;

(d) carelessly and negligently failed to properly diagnose MARLENE FEIGN's condition based on her clinic signs and symptoms; and/or;

(e) carelessly and negligently failed to recognize endothalmitis in the face of clinic signs and symptoms.

34. That as a direct and proximate result of the aforementioned careless and negligent acts or omissions by defendant ELMHURST MEMORIAL HOSPITAL, individually and through its agents, servants and/or employees the plaintiff, MARLENE FEIGN, was released without receiving proper treatment for endothalmitis in her right eye, which was the direct and proximate cause of the loss of her right on September 2, 2005. Further, as a direct and proximate result of the aforementioned careless and negligent acts or omissions by defendant ELMHURST MEMORIAL HOSPITAL individually and through its agents, servants and/or employees, MARLENE FEIGN's chance of recovery was substantially decreased and her chance of saving her right eye.

35. Plaintiff's damages are in excess of Seventy-Five Thousand Dollars ($75,000.00), the minimum jurisdictional amount of this Court.

**WHEREFORE** the plaintiff, MARLENE FEIGN, prays this court for damages according to proof and for such other and further relief as this Court deems just.

**Count II**
**(Medical Malpractice – Elmhurst Memorial Healthcare)**

1-32. Plaintiff repeats, realleges, and incorporates paragraphs one (1) through thirty-two (32) of Count I as paragraphs one (1) through thirty-two (32) of this Count II with the same force and effect as though fully set forth herein.

33. That in deviation of its aforementioned duty to MARLENE FEIGN, defendant ELMHURST MEMORIAL HEALTHCARE through the acts of its agents, servants, and/or employees was guilty of one or more of the following careless and negligent acts or omissions:

(a) carelessly and negligently failed to fully and completely inform the on-call ophthalmologist, ROBERT J. MARSELLE, M.D., or any other ophthalmologist, of MARLENE FEIGN's conditions and/or symptoms including, but not limited to increased intraocular pressure and sluggishly reactive pupil; and/or

(b) carelessly and negligently to appreciate the significance of MARLENE FEIGN's conditions and/or symptoms including, but not limited to increased intraocular pressure and sluggishly reactive pupil; and/or;

(c) carelessly and negligently failed to obtain a timely in-person examination from an ophthalmologist for MARLENE FEIGN; and/or;

(d) carelessly and negligently failed to properly diagnose MARLENE FEIGN's condition based on her clinic signs and symptoms; and/or;

(e) carelessly and negligently failed to recognize endothalmitis in the face of clinic signs and symptoms.

34. That as a direct and proximate result of the aforementioned careless and negligent acts or omissions by defendant ELMHURST MEMORIAL HEALTHCARE, individually and through its agents, servants and/or employees the plaintiff, MARLENE FEIGN, was released without receiving proper treatment for endothalmitis in her right eye, which was the direct and proximate cause of the loss of her right on September 2, 2005. Further, as a direct and proximate result of the aforementioned careless and negligent acts or omissions by defendant ELMHURST MEMORIAL HEALTHCARE individually and through its agents, servants and/or employees, MARLENE FEIGN's chance of recovery was substantially decreased and her chance of saving her right eye.

35. Plaintiff's damages are in excess of Seventy-Five Thousand Dollars ($75,000.00), the minimum jurisdictional amount of this Court.

**WHEREFORE** the plaintiff, MARLENE FEIGN, prays this court for damages according to proof and for such other and further relief as this Court deems just.

**Count III**
**(Medical Malpractice – John J. Glower, M.D.)**

1-32. Plaintiff repeats, realleges, and incorporates paragraphs one (1) through thirty-two (32) of Count I as paragraphs one (1) through thirty-two (32) of this Count III with the same force and effect as though fully set forth herein.

33. That in deviation of its aforementioned duty to MARLENE FEIGN, defendant DR. GLOWER was guilty of one or more of the following careless and negligent acts or omissions:

(a) carelessly and negligently failed to fully and completely inform the on-call ophthalmologist, ROBERT J. MARSELLE, M.D., or any other ophthalmologist, of MARLENE FEIGN's conditions and/or symptoms including, but not limited to increased intraocular pressure and sluggishly reactive pupil; and/or

(b) carelessly and negligently to appreciate the significance of MARLENE FEIGN's conditions and/or symptoms including, but not limited to increased intraocular pressure and sluggishly reactive pupil; and/or;

(c) carelessly and negligently failed to obtain a timely in-person examination from an ophthalmologist for MARLENE FEIGN; and/or;

(d) carelessly and negligently failed to properly diagnose MARLENE FEIGN's condition based on her clinic signs and symptoms; and/or;

(e) carelessly and negligently failed to recognize endothalmitis in the face of clinic signs and symptoms.

34. That as a direct and proximate result of the aforementioned careless and negligent acts or omissions by defendant DR. GLOWER, the plaintiff, MARLENE FEIGN, was released without receiving proper treatment for endothalmitis in her right eye, which was the direct and proximate cause of the loss of her right on September 2, 2005. Further, as a direct and proximate result of the aforementioned careless and negligent acts or omissions by defendant DR. GLOWER, MARLENE FEIGN's chance of recovery was substantially decreased and her chance of saving her right eye.

35. Plaintiff's damages are in excess of Seventy-Five Thousand Dollars ($75,000.00), the minimum jurisdictional amount of this Court.

**WHEREFORE** the plaintiff, MARLENE FEIGN, prays this court for damages according to proof and for such other and further relief as this Court deems just.

**Count IV**
**(Medical Malpractice – Robert J. Marselle, M.D.)**

1-32. Plaintiff repeats, realleges, and incorporates paragraphs one (1) through thirty-two (32) of Count I as paragraphs one (1) through thirty-two (32) of this Count IV with the same force and effect as though fully set forth herein.

33. That in deviation of its aforementioned duty to MARLENE FEIGN, defendant DR. MARSELLE was guilty of one or more of the following careless and negligent acts or omissions:

(a) carelessly and negligently to appreciate the significance of MARLENE FEIGN's conditions and/or symptoms including, but not limited to increased intraocular pressure and sluggishly reactive pupil; and/or;

(b) carelessly and negligently failed to timely conduct an in-person examination of MARLENE FEIGN; and/or;

(c) carelessly and negligently failed to properly diagnose MARLENE FEIGN's condition based on her clinic signs and symptoms; and/or;

(d) carelessly and negligently failed to recognize endothalmitis in the face of clinic signs and symptoms.

34. That as a direct and proximate result of the aforementioned careless and negligent acts or omissions by defendant DR. MARSELLE, the plaintiff, MARLENE FEIGN, was released without receiving proper treatment for endothalmitis in her right eye, which was the direct and proximate cause of the loss of her right on September 2, 2005. Further, as a direct and proximate result of the aforementioned careless and negligent acts or omissions by defendant DR. MARSELLE, MARLENE FEIGN's chance of recovery was substantially decreased and her chance of saving her right eye.

35. Plaintiff's damages are in excess of Seventy-Five Thousand Dollars ($75,000.00), the minimum jurisdictional amount of this Court.

**WHEREFORE** the plaintiff, MARLENE FEIGN, prays this court for damages according to proof and for such other and further relief as this Court deems just.

**JURY DEMAND**

Plaintiff, MARLENE FEIGN, asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully submitted,

MUSLIN & SANDBERG

By:

CRAIG M. SANDBERG
ARDC No. 6257836
19 S. LaSalle Street, Suite 700
Chicago, Illinois 60603
(312) 263-7249