IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLENE FEIGN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07 C 4876 |
| ) | |
| ELMHURST MEMORIAL HOSPITAL, ) | |
| an Illinois corporation, ELMHURST ) | |
| MEMORIAL HEALTHCARE, an Illinois ) | |
| corporation, JAMES J. GLOWER, M.D., ) | |
| and ROBERT J. MARSELLE, M.D., ) | |
| ) | |
| Defendants. ) | |

### PETITION FOR APPROVAL OF ATTORNEY'S FEES

**NOW COMES** the plaintiff, Marlene Feign, by her attorneys, Muslin & Sandberg, through Craig M. Sandberg, petitions this Honorable Court to approve attorney fees and case expenses for the plaintiff's attorney, the law firm of Muslin & Sandberg. In support of her motion, the plaintiff submits the following:

1. This cause of action arises out of an alleged delayed diagnosis and treatment of endophthalmitis at Elmhurst Memorial Hospital.

2. The law firm of Muslin & Sandberg is a two-person law firm responsible for litigating this matter, whose efforts included reviewing all medical records, attending all depositions, meticulously preparing all discovery, and keeping Marlene Feign promptly informed of all litigation developments.

3. This was a complicated matter wherein the plaintiff alleged that the delayed diagnosis and treatment of methicillin resistant staphylococcus aureus endophthalmitis on the part of the defendants, which led to a more invasive treatment regimen, multiple surgeries, worsened prognosis, and loss of her right eye and lifetime use of a right-eye prosthetic. There were three distinct defendants involved in this action (one of whom has since been dismissed)

and multiple theories of liability, causation and damages as to each of the defendants.

4. According to her current treating physicians and ocularist, Marlene Feign (currently age 76) will have continued care and maintenance issues regarding her prosthetic right eye.

5. Prior to undertaking additional expenses related to liability and damages experts, the parties and their respective insurers discussed the possibility of settlement for the very first time (despite earlier settlement demands by the plaintiff). Nevertheless, the parties were required to undertake costly discovery during the period within which the physicians' insurer (ISMIE Mutual Insurance Company) was seeking to complete its own internal investigation and review.

6. After lengthy and well-spent settlement negotiations, ISMIE, on behalf of Defendant Robert J. Marselle, MD, offered a total of $410,000 in full and final settlement and Defendant Elmhurst Memorial Hospital offered a total of $15,000 in full and final settlement, resulting in a total settlement of $425,000. Based upon preliminary consultation with a representative from the Law Bulletin Publishing Company, this settlement figure ($425,000) would be a reported-high settlement/verdict in the State of Illinois for this type of medical negligence injury.

7. After consultation with her attorneys, Plaintiff Marlene Feign has agreed that the aforementioned settlement offer of $425,000 in the aggregate should be accepted considering the possibility of an adverse jury verdict, and the facts and circumstances of the liability and damages issues present in this matter. Likewise, the attorneys for the plaintiff believe that this settlement offer is fair and reasonable after considering all of the relevant factors.

8. The plaintiff, Marlene Feign, employed and appointed the law firm of Muslin & Sandberg as attorneys to represent her in this complex medical malpractice case. Prior to

filing this petition, counsel for the plaintiff, Craig M. Sandberg, discussed with Marlene Feign that in special circumstances, pursuant to 735 ILCS 5/2-1114(c), a court may review contingent fee agreements for fairness. Attorney Sandberg re-explained the statutory fee structure for medical negligence cases in Illinois and also explained that because of the complicated nature of this case that the attorneys would like to petition this Court for a full one-third (1/3) fee. Following that discussion, Marlene Feign, based upon her engagement agreement with this firm and with knowledge of the Illinois statutory fee structure, would not object to and would agree to a one-third (1/3) attorney's fee agreement of the entire settlement. Notably, the engagement agreement between Marlene Feign and this firm provided a contingency fee arrangement of at least one-third (1/3). Said agreement is attached hereto as Exhibit "1". At the time of that agreement's execution it had not yet been established (as no review of the medical chart was yet performed) the location of any medical malpractice. As such, that agreement could not particularize whether Illinois or Indiana law would govern the attorney's fees. (*See* 735 ILCS 5/2-1114 and IND. CODE § 34-18-18), respectively).

8. Prior to the trial and ultimate settlement of this action, the attorneys for the plaintiff performed, among other things, the following services:

    a. Agreed to review a complicated medical negligence case prior to the running of the Statute of Limitations;

    b. Reviewed extensive medical records relating to the care and treatment provided to Marlene Feign;

    c. Prior to filing the case, retained and consulted with an nationally-recognized expert in ophthalmologic and retinal injuries, and obtained a written affidavit required in order to file the case with the Court;

    d. Prior to filing the case, retained and consulted with an expert in emergency room care, and obtained a written affidavit required in order to file the case with the Court;

    e. Filed with the Court a multiple party medical negligence action prior to the running of the statute of limitations;

  f. Proceeded with written discovery including requesting and answering interrogatories and requests for production from each of the defendants;

  g. Attended ten (10) total depositions in the case, including three (3) out-of-state depositions, including:

- Attending the depositions of the plaintiff and her daughter,

- Attending the depositions of the defendant physicians, treating emergency room nurse, and various post-occurrence treating ophthalmologic physicians;

- Traveling to Jeffersonville, Indiana for the discovery deposition of the plaintiff's pre-occurrence treating ophthalmologist, Curtis Jordan, MD;

- Traveling to Corydon, Indiana for the discovery deposition of the plaintiff's primary care physician, Lisa Clunie, MD;

- Traveling to Louisville, Kentucky for the discovery deposition of the plaintiff's post-occurrence treating ophthalmologist, M. Douglas Gossman, MD.

  h. Consulted with numerous potential expert witnesses (several of which gave negative reviews) and extensively researched the medical literature in an attempt to garner support for the plaintiff's claims;

  i. Extensively researched the medical literature in an attempt to garner support for the claim of medical negligence as well as to establish causation between defendants' alleged negligence and the plaintiff's injuries

  j. Participated in settlement negotiations which eventually culminated in the procurement of a successful settlement offer in the resolution of a highly-disputed matter;

  k. Appeared for multiple case status calls before the Court; and

  l. Expended in total $6,436.13 in litigation expenses, paid up front by the attorneys, in a case with no guaranteed results which was being vigorously defended;

  9.  The plaintiff, Marlene Feign, has agreed to and has consented to the Court's approval of a one-third contingency fee in this case. These fees total $141,666.66 and are fair and reasonable.

  10.  Pursuant to the terms of the aforesaid contingency fee contract, the attorneys for the plaintiff are entitled to reasonable and necessary expenses attributed to the prosecution

Case: 1:07-cv-04876 Document #: 78 Filed: 11/18/08 Page 5 of 7 PageID #:240

of this lawsuit. The un-reimbursed expenses amount to $6,436.13. Said expenses are itemized in the Expense Summary attached hereto as Exhibit "2".

12. Medicare, the health insurer of the plaintiff, has not yet advised the plaintiff of the amount of its lien, based upon the amount of medical expenses paid (approximately $28,896.54), as a result of medical expenses paid. The plaintiff is in the process of obtaining Medicare's lien, as well the amount it will agree to accept as full satisfaction of its lien amount.

13. Therefore, the plaintiff respectfully requests that this Court order that the lump sum offered in final settlement of this matter, as listed above, be approved for distribution, as follows:

| | |
|---|---|
| Attorney's fees (Muslin & Sandberg) | $141,666.66 |
| Litigation Expenses (Muslin & Sandberg) | $6,436.13 |
| Marlene Feign | TBD (approx. $248,000.67) |
| Medicare (lien) | TBD (approx. $28,896.54) |
| TOTAL SETTLEMENT | $425,000.00 |

**WHEREFORE**, the plaintiff, Marlene Feign, by her attorneys, Muslin & Sandberg, through Craig M. Sandberg, respectfully request that this Honorable Court enter an Order approving attorney fees and case expenses for the plaintiff's attorney, the law firm of Muslin & Sandberg.

Respectfully submitted,

MUSLIN & SANDBERG

By: s/Craig M. Sandberg
CRAIG M. SANDBERG
ARDC No. 6257836
19 S. LaSalle Street, Suite 700
Chicago, Illinois 60603
(312) 263-7249

*[signature]*
Petitioner Marlene Feign

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that in accordance with FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

1. Plaintiff's Petition to Approve Attorney's Fees.

were served pursuant to the district court's ECF system as to ECF filers and *via U.S. Mail* to the following:

      Ms. Marlene Feign
      1341 Hillview Drive, Apt. 125
      Corydon, Indiana 47112

By:
      s/CRAIG M. SANDBERG
      ARDC No. 6257836
      19 S. LaSalle Street, Suite 700
      Chicago, Illinois 60603
      (312) 263-7249